**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RODNEY C. GROGAN et al.,**

                **Plaintiffs,**          6:13-cv-597
                                                                          (GLS/DEP)
                      v.                   1:14-af-2
                                                                 (GLS)

**UNITED STATES OF AMERICA et al.,**

                **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Rodney C. Grogan
Pro Se
8247 Old Floyd Road
Rome, NY 13440

Gina M. Grogan
Pro Se
8247 Old Floyd Road
Rome, NY 13440

**FOR THE DEFENDANTS:**
*United States of America, United States Attorney, Northern District of New York, Richard S. Hartunian, William H. Pease*
HON. RICHARD J. HARTUNIAN      WILLIAM F. LARKIN
United States Attorney                     Assistant U.S. Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

*Michael N. Kalil*
Costello, Cooney Law Firm
500 Plum Street - Suite 300
Syracuse, NY 13204

PAUL G. FERRARA, ESQ.

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs *pro se* Rodney C. Grogan and Gina M. Grogan commenced this action against the United States of America, Richard S. Hartunian, United States Attorney for the Northern District of New York, and William H. Pease (collectively "federal defendants"), and Michael N. Kalil, pursuant to 42 U.S.C. § 1983, alleging a violation of their constitutional rights, specifically an unlawful deprivation of their property without due process. (Compl., Dkt. No. 1.) Pending are the federal defendants' motion to dismiss and/or for summary judgment, (Dkt. No. 19), and Kalil's motions to dismiss and/or for summary judgment, (Dkt. No. 23), and for attorneys' fees, sanctions, and/or a protective order prohibiting plaintiffs from commencing further litigation without permission of the court, (Dkt. No. 34). For the reasons that follow, defendants' motions to dismiss and/or for summary judgment are granted, and Kalil's motion for sanctions is denied,

2

but plaintiffs are ordered to show cause why they should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

## II. **Background**[1]

In 1973, plaintiffs purchased a parcel of real property, assuming four pre-existing mortgages on the property. (Federal Defs.' Statement of Material Facts (SMF) ¶ 4, Dkt. No. 19, Attach. 4; Dkt. No. 19, Attach. 1 at 5-6.) The four mortgages had been given to the United States Department of Agriculture, by way of the Farmer's Home Administration, to secure four loans that had been given to the prior owners of the property. (Federal Defs.' SMF ¶ 5.) At some point after acquiring the property in question, plaintiffs obtained an additional loan from a private lender, Farm Credit of North Central New York, which itself was secured by a primary mortgage on the property. (*Id.* ¶ 8.)

In 1991, Farm Credit instituted foreclosure proceedings in New York State Supreme Court to foreclose its mortgage on the property. (*Id.* ¶ 11; Kalil SMF ¶ 2, Dkt. No. 23, Attach. 20; Dkt. No. 23, Attach. 6 at 2-9.) As

---

[1] Unless otherwise stated, the facts are undisputed.

holders of junior mortgages on the property, the United States and Department of Agriculture were named as defendants in the state foreclosure action. (Federal Defs.' SMF ¶ 12.) A judgment of foreclosure and sale was entered on May 22, 1991, and the property was sold at a foreclosure sale. (*Id.*)

Kalil was appointed by the state court to serve as the referee in the foreclosure proceeding and conduct the public foreclosure sale. (Kalil SMF ¶¶ 4-5; Dkt. No. 23, Attach. 8 at 2.) As part of these duties, Kalil executed a referee's deed conveying the property to the purchasers at the foreclosure sale. (Kalil SMF ¶ 6; Dkt. No. 23, Attach. 7 at 2.) Plaintiffs did not immediately leave the premises, and the purchasers of the property at the foreclosure sale hired Kalil as their attorney to assist them in taking possession of the property. (Kalil SMF ¶ 9.) Kalil subsequently sent plaintiffs a notice to quit, informing them that they no longer had title to the property and were required to vacate the premises. (*Id.*; Dkt. No. 23, Attach. 3 at 26.)

Following the sale, Pease, acting on behalf of the United States, filed a notice of claim to the surplus money generated at the sale, to satisfy the junior mortgages and related loans given by the Department of Agriculture,

and this surplus was ultimately distributed to the United States. (Federal Defs.' SMF ¶¶ 13-14.)

### III. Standards of Review

**A.  Summary Judgment**[2]

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

**B.  Rule 11 Sanctions**

A court has authority to sanction a party under Rule 11(c) if it determines that the party has made false, misleading, improper, or frivolous representations to the court in violation of Rule 11(b). *See Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008). "Rule 11 explicitly and unambiguously imposes an affirmative duty on each

---

[2] The court notes that both the federal defendants and Kalil have styled their motions as motions to dismiss and/or for summary judgment, brought pursuant to both Rule 12 and Rule 56. (Dkt. Nos. 19, 23.) For purposes of this Memorandum-Decision and Order, both motions have been treated as motions for summary judgment pursuant to Rule 56.

5

attorney [or litigant] to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Eastway Constr. Corp. v. City of N.Y.*, 762 F.2d 243, 253 (2d Cir. 1985). However, sanctions should be imposed cautiously, *see Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994), and only if "it is patently clear that a claim has absolutely no chance of success," *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks and citations omitted). Thus, "[a] distinction must be drawn between a position which is merely losing, and one which is both losing and sanctionable." *Sec. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321 (2d Cir. 1990) (internal quotation marks and citation omitted), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

### IV.  Discussion

**A.    Summary Judgment Motions**

Defendants have made motions to dismiss and/or for summary judgment. (Dkt. Nos. 19, 23.) The federal defendants argue that they are entitled to dismissal because plaintiffs' claims are barred by sovereign immunity, res judicata, collateral estoppel, and the statute of limitations, and that plaintiffs have failed to properly state a claim. (Dkt. No. 19, Attach. 3 at 12-18.) Kalil asserts that the action against him is barred by

res judicata, collateral estoppel, the statute of limitations, quasi-judicial immunity, and the lack of state action. (Dkt. No. 23, Attach. 21 at 6-16.) In response to each motion, plaintiffs have submitted notices simply stating that they "will not be filing a response" to the motion, and that they "rely on their complaint . . . and the exhibits attached to the complaint." (Dkt. No. 22 at 1; Dkt. No. 33 at 1.)

At the outset, the court notes that plaintiffs have brought this action pursuant to 42 U.S.C. § 1983. (Compl. at 1, 3.) However, as there are no state actors named in this action, and given plaintiffs' *pro se* status, the court has construed plaintiffs' constitutional due process claim as being brought as a *Bivens* action against the federal defendants.[3]

In New York, actions for constitutional violations brought pursuant to § 1983 are subject to the general or residual statute of limitations for personal injury actions, i.e., three years from the date of injury. *See Owens v. Okure*, 488 U.S. 235, 251 (1989); N.Y. C.P.L.R. § 214(5). *Bivens* actions are the federal analog to a § 1983 action against state actors, and the constitutional standard of review is the same for either type

---

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

of action.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987). Accordingly, a *Bivens* action, arising in New York, is subject to a three-year statute of limitations.  *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999).

Plaintiffs' claims here all relate to the 1991 judicial foreclosure proceedings and subsequent sale of their property.  (*See generally* Compl.)  Although difficult to discern, plaintiffs' complaint arguably alleges that the foreclosure and subsequent eviction represented a deprivation of plaintiffs' property without due process, in violation of plaintiffs' constitutional rights.  (Compl.)  Plaintiffs' disjointed complaint summarily asserts that they were evicted unfairly and unlawfully, that the United States Attorney and former Assistant United States Attorney Pease failed to provide assistance to them, and that, in sending a notice to leave the premises, Kalil made intentional misrepresentations to them constituting a malicious deprivation of plaintiffs' home without due process.  (*Id.*)

The court notes that plaintiffs have filed three prior actions, brought against many of the same defendants and also stemming from the foreclosure and sale of plaintiffs' former property, which have been dismissed on numerous grounds, and in two of those three actions,

8

plaintiffs' claims were dismissed as time barred. *See Grogan v. Oneida Cnty. Clerk*, 6:05-cv-1396, Dkt. No. 4; *Grogan v. People of the State of N.Y.*, 5:02-cv-524, Dkt. No. 5; *Grogan v. Maroney*, No. CivA97-CV-912, 1998 WL 135222 (N.D.N.Y. Mar. 5, 1998). Plaintiffs' claims here are likewise untimely. The alleged deprivation of plaintiffs' property occurred at the foreclosure sale in 1991, plaintiffs considered it wrongful at the time, and plaintiffs do not allege that they were unaware of the deprivation or any potential constitutional violation at that time.[4] Therefore, this suit, commenced in 2013, much like the ones commenced in 2002 and 2005, is well beyond the three-year statute of limitations, and plaintiffs' *Bivens* claims are therefore dismissed as untimely.[5]

---

[4] Plaintiffs attempt to allege that the Department of Agriculture issued them certificates of discharge for the four government loans in November 2011, that these certificates "should have [been] released . . . to the plaintiff(s) in a timely matter [sic]," and that this "delay" somehow imposes liability on defendants. (Compl. at 4.) However, even under a liberal reading of plaintiffs' complaint, it is unclear how this conduct relates to the 1991 foreclosure, which plaintiffs allege to be the due process violation at the heart of this action, as the government loans were partially satisfied by the surplus generated at the foreclosure sale, and subsequently closed by the government as uncollectible. (Dkt. No. 19, Attach. 1 ¶ 6.)

[5] To the extent that plaintiffs have also asserted a state common law fraud claim against Kalil, that claim would also be barred by the applicable statute of limitations. In New York, causes of action for fraud are

9

B. **Motion for Sanctions**

Kalil has moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, arguing that the court should impose sanctions upon plaintiffs and issue an order enjoining them from commencing any further litigation without prior leave of the court, in order to deter plaintiffs from continuing to file harassing and frivolous lawsuits against him. (Dkt. No. 34; Dkt. No. 37 at 3-7.) In response, defendants summarily argue that their claims are meritorious, and assert that they did not receive any notice of the motion for sanctions. (Dkt. No. 39 at 1-14.)

A court has authority to sanction a party under Rule 11(c) if it determines that the party has made false, misleading, improper, or frivolous representations to the court in violation of Rule 11(b). *See Williamson*, 542 F.3d at 51. However, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2).

---

governed by a six-year statute of limitations. *See* N.Y. C.P.L.R. § 213(8). Plaintiffs therefore had six years from Kalil's allegedly fraudulent conduct, which they allege to be his sending a fraudulent notice to quit, (Dkt. No. 1 at 5), to commence an action based in fraud. *See Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (2009). As the notice to quit was sent on August 1, 1991, (Dkt. No. 23, Attach. 3 at 26), and plaintiffs appear to believe it was wrongful at the time, plaintiff's claims based on this allegedly fraudulent misrepresentation are clearly time-barred.

"Further, the motion must first be served upon the offending party, who is then given 21 days to remedy the sanctionable conduct before the motion may be made to the court." *Finnan v. Ryan*, No. 8:08-CV-259, 2008 WL 4891162, at *7 (N.D.N.Y. Nov. 7, 2008). Compliance with these procedural prerequisites is mandatory. *See Williamson*, 542 F.3d at 51-52; *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328-29 (2d Cir. 1995).

As the record reflects, Kalil did not serve plaintiffs with a copy of the operative motion for sanctions at least twenty-one days prior to filing it with the court, but rather served plaintiffs with the motion on the day it was filed with the court, September 6, 2013. (Dkt. Nos. 34, 35.) The letters sent by defense counsel to plaintiffs on August 20, 2013, warning of Kalil's intention to move for sanctions under Rule 11, (Dkt. No. 34, Attach. 17 at 2-3), are not a valid substitute for service of a copy of the actual motion twenty-one days before it is filed with the court. *See Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006); *Schenectady Indus. Corp. v. Upstate Textiles, Inc.*, 689 F. Supp. 2d 282, 296 (N.D.N.Y. 2010). Further, even if the letters were an adequate substitute, they were not sent to plaintiffs at least twenty-one days before the motion was filed with the court. Therefore, without reaching the merits of the motion, the court denies

11

Kalil's motion for sanctions and attorneys' fees due to his failure to comply with the requirements of Rule 11.

Although Kalil's Rule 11 motion is procedurally improper, as discussed above, and therefore the court must deny his request for attorneys' fees and sanctions, the court notes that it may nonetheless *sua sponte* impose a sanction in the form of an anti-filing injunction. It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation omitted). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

12

litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted). In addition, the litigant must be given an opportunity to show cause why an anti-filing injunction should not be entered. *Id*. at 529.

After carefully reviewing the record in this case, the court concludes that unless plaintiffs show otherwise, they should be enjoined from any further filings without leave of the Chief Judge. In addition to this case, plaintiffs have filed three actions in the Northern District of New York, all stemming from the same factual circumstances and against many of the same defendants, which were all dismissed.[6]

---

[6] *See Grogan v. Oneida Cnty. Clerk*, 6:05-cv-1396, Dkt. No. 4 (dismissing action against, among others, the United States Attorney, pursuant to 28 U.S.C. § 1915(e)(2)(B), because plaintiffs had "already been advised that the present claim can not be maintained in this Court pursuant to 42 U.S.C. § 1983," and as time barred); *Grogan v. New York*, 5:02-cv-524, Dkt. No. 5 (dismissing action against, among others, Kalil, as lacking state action required in § 1983 actions, and as time barred); *Grogan v. Maroney*, No. 97-cv-912, 1998 WL 135222 (N.D.N.Y. Mar. 5, 1998) (dismissing action against, among others, the United States Attorney, Pease, and Kalil, for lack of subject matter jurisdiction), *cert. denied* 525 U.S. 819 (1998); (Dkt. No. 23, Attach. 14 at 17-18) (appeal to Second Circuit dismissed as "so indisputably lacking in merit as to be

13

There is little doubt that plaintiffs lack a good-faith expectation in prevailing in their lawsuits, they have posed an unnecessary burden on the court and its personnel, and it appears that sanctions lesser than an anti-filing injunction would unlikely curb plaintiffs' excessive and abusive filings. Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that plaintiffs be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, they shall have fourteen (14) days from the date of this Memorandum-Decision and Order to show cause, *in writing*, why they should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the federal defendants' motion to dismiss and/or for summary judgment (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Kalil's motion to dismiss and/or for summary judgment (Dkt. No. 23) is **GRANTED**; and it is further

---

frivolous within the meaning of 28 U.S.C. § 1915(e)").

**ORDERED** that Kalil's motion for sanctions, attorneys' fees, and a protective order (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close case number 6:13-cv-597; and it is further

**ORDERED** that the Clerk file a copy of this Order in case number 1:14-af-2, In re: Rodney C. Grogan and Gina M. Grogan; and it is further

**ORDERED** that plaintiffs shall, within fourteen (14) days of the date of this Memorandum-Decision and Order, show cause, *in writing*, in case number 1:14-af-2, why they should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that if plaintiffs do not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining plaintiffs from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties and to the plaintiffs by certified mail.

**IT IS SO ORDERED.**

March 17, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court